### CANNON v. SEABOARD COAST LINE R. R. CO.

No. 69-9321.

Circuit Court, Duval County.

July 30, 1970.

E. E. Durrance, Jacksonville, for the plaintiff.

George D. Gabel, Jr. of Kurz, Toole, Taylor, Moseley & Gabel, Jacksonville, for the defendant.

JOHN M. McNATT, Circuit Judge.

*Summary judgment:* This cause came on for hearing on defendant's motion for summary judgment and was argued by counsel for the parties.

The facts in the case are undisputed and are not subject to conflicting inferences. On July 15, 1969, the minor plaintiff, Alonzo Dillon Cannon, about ten years of age, attempted to get on a moving train or cut of cars. He slipped or fell and was severely injured, including the loss of a leg.

Immediately before the accident, the minor plaintiff had been told by a railroad employee to get off of the train and stay off. He got off but ran around the employee and attempted to catch it again when the accident occurred. The deposition of the minor plaintiff was taken on January 13, 1970. He related getting on the train and his version of the accident is as follows —

Did you ride it for a ways? — (Nods head affirmatively)

And then you saw some men? — Saw two of them.

Did they tell you to get off? — Yes.

Did you get off? — Yes, sir. Then we ran on around, me and Sam, we ran around. And then when I got ready to catch it, then he pushed me over this way.

Sam did? — Yes, sir. Then he told me to catch it.

He pushed you? — He pushed me over on this side.

What do you mean? — I was next to him and he pushed me on this side.
Toward the train or away from it? — Away from it.

He told you not to get on it? — Yeah, he told me to get on it.

Oh, he told you to get on it? — He told me to get on it and catch it and go on around the curve, and so I just slipped.

You slipped? — And I didn't know what happened. So when I slipped and then I got my leg cut off, then I hopped to the fence and that man, he came and picked me up and laid me on the cardboard.

This is the same man that told you all not to get on the train? — Yes, sir. But he had on some eyeglasses.

\* \* \* \* \*

Did you know that those two men didn't want you to get on the train? — I don't know.

You knew they didn't want you to get back on the train, didn't you? — Yes, sir. We just ran around them.

\* \* \* \* \*

Now, before your accident happened, before you saw these two men, had anybody from the railroad ever said anything to you or Sammie or

Freddie or Edward when you were with them about catching up on the trains or on the cars? — Yes, sir.

What did they say? — They told me to go back and Sam told me to come on. So the railroad agent came out there and I ran. Then they hopped the train and I ran home.

That was on the day before, maybe, this accident happened? — Yes, sir.

And you ran on home? — Yes, sir.

From the undisputed evidence the court finds —

(a)  The legal cause of the plaintiff's injury was his own negligence in attempting to catch the train;

(b)  The plaintiff was a trespasser, and defendant violated no duty owed to him;

(c)  The defendant was not guilty of negligence that was a contributing legal cause of the accident.

And the court finding that there is no genuine issue of material fact, it is ordered and adjudged — (1) The motion for summary judgment is granted. (2) The plaintiffs, Alonzo Dillon Cannon, a minor, by his mother and next friend, Louise Cannon, and Louise Cannon, individually, take nothing by this action, and the defendant, Seaboard Coast Line Railroad Company, a Virginia corporation, do go hence without day and do recover from the plaintiffs its costs in this behalf sustained, which are to be fixed and taxed on motion and notice.